UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Richard Alonso Perez Sarabia
(A-Number: 245-487-482),

Petitioner,

v.

Warden, California City Immigration Processing Center,

Respondent.

No. 1:26-cv-08998-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Richard Alonso Perez Sarabia is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 3. The court has previously addressed the legal issues raised by the petition—that when a noncitizen has been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained, the Due Process Clause requires a bond hearing at which the government bears the burden to prove by clear and convincing evidence that the noncitizen is a flight risk or danger to the community to warrant re-detention. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO

(HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The court set a briefing schedule on the petition and ordered respondent to respond. Respondent "does no dispute that the detention authority in this case is 8 U.S.C. §1226(a)" but argues that petitioner received a § 1226(a) bond hearing on November 9, 2026. Doc. 8 at 1. Respondent filed a November 9, 2026 order from an immigration judge denying petitioner's custody redetermination on the grounds that "petitioner has not proven that he is not a flight risk, nor that any bond condition would mitigate the flight risk." Doc. 8-5 at 3. But due process requires that the government carry the burden of proving flight risk or danger to the community where the government seeks to re-detain a noncitizen it has previously released pursuant to § 1226(a). *See, e.g.*, *Luis Alberto*, 817 F. Supp. 3d 917. Petitioner's notice to appear issued on November 22, 2023, reflects that the government detained then released petitioner following his entrance into the United States. Doc. 8-3. Thus, petitioner was entitled to a bond hearing at which the government bore the burden of proof before his re-detention.

Respondent is ORDERED to release petitioner Richard Alonso Perez Sarabia (A-Number: 245-487-482) immediately. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless he demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Immigration Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: November 23, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.